IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR508 |
| | ) | |
| Plaintiff, | ) | JUDGE J. SOLOMON OLIVER, JR |
| | ) | |
| v. | ) | |
| | ) | |
| MARTINO JAMEL ANDREWS, | ) | MOTION TO REVOKE BOND |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Adam J. Joines, Assistant United States Attorney, to hereby move this Honorable Court to revoke Defendant Martino Andrew's bond pending sentencing. If Andrews opposes this motion, the United States requests that the Court conduct a hearing to determine whether bond should be revoked.

## PROCEDURAL HISTORY

On August 19, 2020, Magistrate Judge David A. Ruiz signed a federal criminal complaint for Martino Jamel Andrews for violating Title 18, United States Code, Section 844(f)(1) (Explosive Destruction of Property). On August 20, 2020, Andrews was arrested and brought before the Court for his initial appearance, during which the United States moved to detain Andrews pending trial. *See* 18 U.S.C. § 3142(f)(2)(A). On September 1, 2020, the Court held a detention hearing, during which the United States argued that Andrews was a risk of flight and danger to the community. The Court determined that bond was appropriate and released Andrews on a $25,000.00 unsecured with standard/special conditions plus electronic monitoring and home detention. (*See* R. 11: Appearance Bond; R. 12: Order Setting Conditions of Release).

The special conditions of release ordered included substance abuse testing/treatment, travel restricted to the Northern District of Ohio, and no use or unlawful possession of narcotics or other uncontrolled substances.  (R. 12, PageID 32).  On September 3, 2020, the Grand Jury indicted Andrews in a one-count indictment under 18 U.S.C. §§ 844(f)(1) and (2).

On March 31, 2021, Andrews was summoned by the Court for a Bond Violation Hearing. (R. 23: Summons).  On April 14, 2021, the Court held the hearing and ordered that Andrews' bond conditions be modified to impose a curfew instead of home confinement and adjust his controlled substance restrictions to permit medical use marijuana.  (R. 25: Order).  On July 21, 2021, Andrews again was summoned by the Court for a Bond Violation Hearing.  (R. 32 Summons).  On July 30, 2021, Andrews admitted to the violations during the hearing, and the Court continued the bond conditions as previously imposed.

On March 31, 2022, the Grand Jury returned a Superseding Indictment against Andrews that corrected typographical errors in the original indictment.  (R. 46: Superseding Indictment). On July 21, 2022, Andrews pled guilty during a change of plea hearing before Magistrate Judge Carmen E. Henderson to a Supplemental Information charging him with one count of Conspiracy to Commit Arson under 18 U.S.C. § 371.  (*See* R. 54: Supplemental Information; R. 56 Report and Recommendation of Magistrate Judge).  This Court later accepted that plea by accepting the Report and Recommendation.  (R. 58: Order Accepting Plea Agreement, Judgement and Referral to U.S. Probation Office).  Andrews was allowed to remain on bond provided he continued to abide by conditions of release until sentencing before this Court.  Sentencing is currently scheduled for November 9, 2022.

## ANDREWS' ARREST WHILE ON BOND

On August 30, 2022 (after Andrews pled guilty in this case but before he was sentenced), a victim reported that she had been robbed on Headley Avenue in Cleveland, Ohio. *See* Cleveland Division of Police Report (CDP) Report No. 2022-00253622 (redacted), attached hereto as Exhibit 1. The victim of the incident stated that a man approached her from behind, forcefully grabbed her firearm from her holster, and ran away. The victim later identified Andrews as the robber, stating that she saw him checking out at the Dairy Mart shortly before. Police later found Andrews nearby. Although Andrews claimed he ran because someone was shooting at him, Andrews had no gunshot injuries. Andrews was treated for scrapes at the Fairview Hospital before being released into the custody of the Cuyahoga County Sheriff's Office. Andrews was arrested and charged in Cleveland Municipal Court with Robbery (F2) in case no. 2022-CRA-007377. *See* R. 60: Release Status Report to the Court, PageID 194). On September 6, 2022, Defendant was released on bond in the matter CR-22-673931-A pending presentment to the Grand Jury in Cuyahoga County Court of Common Pleas.

Andrews had another contact with police last year while on bond in this case. On April 20, 2021, the Cleveland Metroparks Police conducted a traffic stop on a black 2006 VW Toureg, driven by the Defendant, at the North Lot of the Cleveland Lakefront Reservation. *See* Cleveland Metroparks Police Report No. 21-000559 (redacted), attached hereto as Exhibit B. The vehicle was pulled over for having dark, heavily tinted windows. After speaking with the driver, Andrews, officers noticed a strong odor of burnt marijuana coming from inside of the vehicle. Andrews presented the officer with a medical marijuana card. Officers searched the vehicle and recovered, among other things, 5.2 grams of marijuana and a firearm in the purse of the front passenger, three open containers of alcohol (a bottle of wine, Ciroc, and Don Julio

Tequila) in the back seat, and a smoked burnt marijuana cigar in the rear passenger door compartment.  Andrews was issued traffic and/or minor misdemeanor citations for window tint, failure to wear a seatbelt, possession of alcohol, and possession of marijuana.

## ARGUMENT

The Court should revoke Andrews's bond and detain him pending sentencing in the above-captioned case.  A district court may reopen a detention hearing based on changed circumstances.  18 U.S.C. § 3142(f)(2)(B).  The new information, however, must:  (1) have been unknown to the movant at the time of the hearing; and (2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."  *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

Although the burden to show that detention is necessary rests on the United States before trial, that burden shifts to the defendant after he pleads guilty:

> . . . the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).  Only if the judicial officer finds that defendant has shown he is not a risk of danger or flight by "clear and convincing evidence" should the officer order release pending sentencing pursuant to § 3142(b) or (c).  *Id.*

Andrews has violated multiple conditions of bond both before and after pleading guilty in this case.  A month after Andrews admitted to conspiring to set government property on fire, he stole a gun from a woman and ran away with it.  Evidence shows that he committed robbery of a deadly weapon, which put both the victims and others in the area in grave danger.  Andrews has shown time and again that he cannot abide by the conditions of release.  This third violation is

one in a series of infractions. Whether he is using illicit substances, stealing guns, or failing to follow instructions by pretrial services, Andrews has created a track record of defying Court orders, even after repeated warnings. Taking all these items together, in the very least, implies that Andrews has a complete disregard for the law and will continue to violate the conditions of his bond.

Andrews' continued release also poses a danger to the community. It goes without saying that no one, especially someone who admitted to a federal felony, should be stealing guns from others. Andrews chose to possess a firearm and run away from the victims, going so far as to hop over fences to evade capture. Although the investigation of this matter is ongoing and Andrews has not yet been indicted for actions on August 30, 2022, this Court can still consider the evidence weighing against him when deciding whether to revoke his bond. Either way, Andrews agreed that, while on bond, he would not violate any federal, state, or local laws. The balance of evidence shows it more likely than not that Andrews violated this condition. In the very least, Andrews is placing himself in bad situations that result in repeated contacts with law enforcement. These repeating issues erodes confidence that he will appear at sentencing and follow the Court's anticipated order of incarceration.

Given his violations, Andrews must be detained pending sentencing to protect the public and ensure his appearance. Andrews violated his bond conditions while on release and is accused of a violent felony while wearing his court-ordered location device. Andrews has shown that he cannot abide by his bond conditions and that he remains a danger to the community so long as he is not detained. There is no condition, or combination of conditions, of release that will reasonably assure his appearance by this Court as required or that he is not a danger to the

safety of any other person and the community.  All the circumstances weigh heavily against Andrews and now swing the pendulum in favor of detention for the duration of this case.

## CONCLUSION

Based on the forgoing, the government requests this Court grant its Motion to Revoke Martino Andrews's bond or, in the alternative, reopen detention proceedings to allow the United States to show its evidence in support of detention.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:   /s/ Adam J. Joines
Adam J. Joines (0094021)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3929
Adam.Joines@usdoj.gov