IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR508 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARTINO JAMEL ANDREWS, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Michelle M. Baeppler, First

Assistant United States Attorney, through Adam Joines and Suzana K. Koch, Assistant United

States Attorneys, and hereby files this sentencing memorandum.  Martino Andrews should be

sentenced to a term of imprisonment of 41 months, which is the sentence agreed to by the parties

in the plea agreement and that lies in the middle of the guideline range for his conviction of

conspiracy to commit arson.  That sentence would be sufficient, but not greater than necessary,

to provide just punishment for Andrews' offense, afford adequate deterrence to criminal conduct,

and protect the public from Andrews' future crimes.  *See* 18 U.S.C.§ 3553(a)(2).

I.      **BACKGROUND**

A.      Offense Conduct

On or about May 30, 2020, in the Northern District of Ohio, Eastern Division, Martino

Andrews and others agreed and sought to set fire to a van near the Justice Center in downtown

Cleveland.  The van was owned by Cuyahoga County Division of Public Works.  Before setting

the van on fire, Andrews and others vandalized it by beating the front windshield with a baseball

bat.  Andrews and others set fires inside the front seats.  Andrews eventually grabbed a burning

rag and walked toward the open fuel tank at the rear of the van.  Andrews stuffed the rag into the

open fuel tank.  (*See* snapshot from USAO_000331, below):



Immediately after, the van ignited into a large fireball.  Onlookers commented that the

van might explode.  As the fire grew, video captured from the day showed billowing black

smoke and captured audible popping sounds coming from the van.  Andrews stood by the van to

watch it burn, and took photos after like the one below (USAO_000251):



By bringing an ignition source to the County Van's fuel supply, Andrews created a substantial risk of death or serious bodily injury to the individuals in close proximity to the County Van.  The fire continued to grow until it was engulfed in flames and destroyed.  Police officers later that night captured multiple photographs of the damage to the van, some of which appear on the next page.  The County had to scrap the van because it could not be salvaged.






B.      Procedural History

On September 3, 2020, the grand jury in the Northern District of Ohio returned an indictment charging Andrews with explosive destruction of property—colloquially termed arson—in violation of 18 U.S.C. §§844(f)(1).  (R. 13:  Indictment).  A conviction under § 844(i) carries a mandatory minimum sentence of five years (60 months) and a maximum sentence of twenty years of incarceration, among other penalties.  Andrews was arraigned and the United States timely produced all discovery.  On March 31, 2022, the grand jury returned a superseding indictment charging Andrews with explosive destruction of property and aiding and abetting the same under 18 U.S.C. § 2.  (R. 46:  Superseding Indictment).

4

On July 20, 2022, the United States filed a Supplemental Information charging Andrews with conspiracy to commit arson in violation of 18 U.S.C. § 371.  (R. 54:  Supplemental Information).  The United States and Andrews agreed, pursuant to a plea agreement pursuant to Federal Rule of Procedure 11(b)(1)(C) that Andrews would plead guilty to the charge in the Supplemental Information and stipulate to a term of imprisonment of 41 months.  (*See* R. 56: Report and Recommendation on Plea of Guilty; R. 57: Transcript of Guilty Plea Hearing; R. 58: Order Adopting Report and Recommendation).  The United States entered into this plea agreement to the Supplemental Information to avoid the need for trial and to agree to a sentence that aligned with what the guideline sentence would be for a violation under § 844(f)(1) but for the statutory mandatory minimum sentence of five years.  In the plea agreement, Andrews further agreed to pay restitution to the victim in this case as the Court orders at sentencing.

At sentencing, the United States is prepared to dismiss Count 1 in the Superseding Indictment for arson under § 844(f)(1), provided that Andrews continues to accept responsibility and pleads guilty to Count 1 in the Supplemental Information for conspiracy to commit arson under § 371.

## II.    GUIDELINE CALCULATION

Although the parties agreed that Andrews should be sentenced to 41 months of imprisonment in their plea agreement, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  Appellate courts must review a district court's sentence for procedural and substantive reasonableness. *Id.* at 51.  Although the Guidelines are advisory, appellate courts may apply a presumption of reasonableness to a sentence that falls within the Guideline range. *Id.*

A.      Advisory Guidelines Calculation

The United States does not object to the final presentence report.  (R. 69:  Andrews PSR

(sealed)).  The United States and Andrews agree, pursuant to the parties' written plea agreement,

that the following is the correct Guidelines calculation:

| USSG §2K1.4 (made applicable by §2X1.1(a)) | | |
|---|---|---|
| Base Offense Level | 24 | §2K1.4(a)(1) |
| Specific Offense Characteristic:  None | NA | |
| Total Offense Level before Acceptance of Responsibility | **24** | |

Pursuant to USSG §2K1.4(a)(1), Andrews base offense level begins at 24 because he

pled guilty to conspiracy to commit arson.  Section 2X1.1(a) governs the advisory guideline

offense level for conspiracy and states that the conspiracy's base offense level relies on the

offense level calculated in the guideline section for the underlying substantive offense.  Because

the underlying offense in this case is a violation of 18 U.S.C. § 844(f)(1), USSG §2K1.4 applies.

Additionally, the fire that Andrews lit and spread in the van created a substantial risk of death or

serious bodily injury to others, which Andrews knowingly created in conspiring to commit arson.

Section 2K1.4(a)(1) states that an offense under this section applies a base offense level of 24.

The parties are in agreement as to the application of this offense level and section.

Andrews reduces his base offense level by a total of 3 points for accepting responsibility

and pleading timely (*see* USSG § 3E1.1).  His total offense level is therefore 21.

B.      Criminal History Category

Andrews' criminal history category computation in the PSR amounts to a score of 0.  (R:

69: PSR ¶ 28).  He is therefore in criminal history category I.

C.      Sentencing Guideline Calculation

Based on a total offense level of 21 and criminal history category of I, Andrews'

sentencing guideline range from the USSG Sentencing Table is 37–46 months.

D.      Title 18, United States Code, Section 3553(a) Factors

For the reasons herein, this Court should sentence Andrews to a term of imprisonment within the guidelines and agreed to by the parties to 41 months.  This sentence is appropriate and sufficient but not greater than necessary to comply with the § 3553(a) factors.  Pursuant to 18 U.S.C. § 3553(a):

The court, in determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence, and the sentencing range . . . ;
(5) any pertinent policy statement . . . ;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C. § 3553(a).

Andrews created a risk to onlookers when he chose to set the County's van on fire.  He further destroyed property during a riot, which the County had to tow and scrap.  The public was victimized by Andrews' actions.  Whether they inhaled smoke started by his fire, risked their lives by standing near it, or felt fear of his reign of terror, people were injured by Andrews on May 30, 2020.  The parties agreed to a term of 41 months because it falls within the Guidelines' range and because they believe that sentence would adequately deter future crimes of the same style and magnitude.  The sentence would further promote respect for the law while providing nothing beyond just punishment for the offense.  Indeed, had Andrews chosen to proceed to trial

and was found guilty, he would have faced a statutory mandatory minimum sentence of 60

months.  The sentence to which the parties agreed is fair and just given the circumstances.

## III.     RESTITUTION

### A.      18 U.S.C. §§ 3663, 3663A, and 3664

Restitution orders are authorized by statute, 18 U.S.C. §§ 3663, 3663A, and 3664, and are

distinct and separate from the United States Sentencing Guidelines.  Restitution constitutes

punishment.  *United States v. Schulte*, 264 F.3d 656 (6th Cir. 2001) *see also United States v.*

*Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (restitution is "punitive rather than compensatory

in nature").  "Although the guidelines mandate imposition of restitution where allowable under

the statutes, the restitution statutes function independently from the guidelines and do not rely on

the guidelines for their validity."    *United States v. Sosebee*, 419 F.3d 451, 462 (6th Cir. 2005).

"Restitution under the MVRA is a criminal penalty and a component of the defendant's

sentence."  *United States v. Adams*, 363 F.3d 363 (5th Cir. 2004) (*quoting United States v.*

*Chaney*, 964 F.2d 437, 451 (5th. Cir. 1992).

It is the court that determines the amount of restitution.  The MVRA specifically states

that the amount of restitution should be equal to the "amount of each victim's losses as

determined by the court and without consideration of the economic circumstances of the

Defendant." 18 U.S.C. § 3664(f)(1)(A) (when a court is ordering restitution, the amount of

restitution should be equal to the "amount of each victim's losses *as determined by the court*."

*Sosebee*, 419 F.3d at 462 (*quoting* 18 U.S.C. § 3664(f)(1)(A) (emphasis in original)).

When sentencing a Defendant convicted of an offense against property under Title 18 of

the United States Code, including any offense committed by fraud or deceit, the Mandatory

Victims Restitution Act ("MVRA") requires the court to order that the Defendant make

restitution to the victim of that offense.  18 U.S.C. §§ 3663A(a)(1); 3663A(c)(1)(A)(ii).  The

MVRA requires those convicted of offenses against property under Title 18 to pay restitution for victims' losses. *United States v. Elson*, 577 F.3d 713, 721 (6th Cir. 2009).

The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). Under the MVRA, a victim is any person harmed "as a result of the commission of an offense ... including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). *United States v. Elson*, 577 F.3d 713, 730 (6th Cir. 2009). The MVRA "does not require a victim to have a subjective belief that he or she has been harmed. Rather, it is left to the court to make that determination." *United States v. Teadt*, 2016 WL 3455353 (6th Cir. Jun 24, 2016).

B.     Calculating restitution does not require specific findings.

Specific findings in the imposition of restitution are not required. *United States v. Jackson-Randolph*, 282 F.3d 369, 386 (6th Cir. 2002). Instead, a district court must rely on information with "a sufficient indicia of reliability to support" the "probable accuracy" of the amount of restitution. *Id*. (quotation marks omitted). *See also United States v. Patel*, 711 F. App'x 283, 285 (6th Cir.2017). It is even appropriate to extrapolate restitution losses in some instances. "Extrapolation methods . . . are appropriate when 'the fraud occurred over a long period of time, and a precise calculation of the loss is simply not feasible.'" *United States v. Carmichael*, 676 F. App'x 402, 406 (6th Cir. 2017) (quoting *United States v. Tipton*, 269 F.

9

App'x 551, 561 (6th Cir. 2008)).  *See also United States v. McGrath*,  No. 18-3429, 2018 U.S. App. LEXIS 31448, at *7 (6th Cir. Nov. 6, 2018).[1]

As a result of the actions of Andrews and his co-conspirators, a 1999 Dodge Caravan owned by Cuyahoga County was determined unsalvageable because its interior and functioning parts were destroyed by fire.  Although specific findings are not necessary for restitution, and extrapolation is an acceptable form of calculating restitution, the victim, Cuyahoga County, provided the following work orders and invoices related to the cost of employee wages, towing, storage, and disposal of the vehicle:

- Exhibit A: Cuyahoga County Fleet Services documented 2.2 hours of labor;

- Exhibit B: Cuyahoga County Fleet Services documented 16 hours of labor;

- Exhibit C: United Towing Services Inc. invoice totaling $65.00;

- Exhibit D: City of Cleveland invoice totaling $193.88; and

- Exhibit E: Ohio Certificate of Title for the van, which included a purchase price of $17,906.

Additionally, the Kelly Blue Book Fair Market Price Range of 1999 Dodge Caravan is between $1,625 and $3,190.  The total paid by Cuyahoga County for these services, assuming $15/hr wage and the high end present-day value of the vehicle, therefore totaled to approximately $3,721.88.  Given that the vehicle's original purchase price was $17,906 and that the fire completely destroyed the van, the United States requests restitution payable to Cuyahoga County in the total amount of $3,721.88.

---

[1] In calculating restitution, a sentencing court is not held to a standard of absolute precision. *United States v. Burdi*, 414 F.3d 216, 221 (1st Cir.2005). A "modicum of reliable evidence" will suffice. *United States v. Vaknin*, 112 F.3d 579, 587 (1st Cir.1997).

IV.     **CONCLUSION**

In light of the foregoing, the United States respectfully requests that the Court sentence

Andrews to a term of imprisonment of 41 months, and further order immediate payment of

restitution in the amount of $3,721.88 to the victim, Cuyahoga County.

Respectfully submitted,

MICHELLE M. BAEPPLER
Acting United States Attorney

By:     /s/ Adam Joines

Adam Joines (OH: 0094021)
Suzana Koch (OH: 0073743)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3929
(216) 522-8355 (facsimile)
Adam.Joines@usdoj.gov